UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-63081-SMITH/VALLE

PATRICIA KENNEDY,

    Plaintiff,

v.

AP2 CEDARTOWN LLC d/b/a
Econo Lodge Inn & Suites,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees, Costs, Expert Fees, and Litigation Expenses (ECF No. 25) (the "Motion"). Plaintiff was represented by attorney Thomas Bacon and Theresa Edwards in connection with the default judgment entered in favor of Plaintiff and against Defendant AP Cedartown, LLC ("Defendant"). *See generally* (ECF No. 25). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 26). The deadline for responding has passed and Defendant has failed to respond to the Motion.

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded a total of $4,340 in fees and $1,130 in costs.

### I.    BACKGROUND

Plaintiff has alleged violations of the Americans with Disabilities Act (the "ADA") and requested injunctive relief. *See generally* (ECF No. 1). Despite having been served, Defendant did not appear in this action or otherwise respond to the Complaint or the Amended Complaint. *See* (ECF

Nos. 9 and 18). Consequently, on September 24, 2020, the District Court granted Plaintiff's motion for default judgment and entered a final judgment in favor of Plaintiff and against Defendant. *See* (ECF No. 24). The instant Motion followed. In the Motion, Plaintiff requests a total of $4,340[1] in attorney's fees, $1,275 in costs. (ECF No. 25 at 16).

## II. **DISCUSSION**

### A. **Entitlement to Attorney's Fees**

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). In this case, 42 U.S.C. § 12205 governs remedies for litigants who bring actions under the ADA. Pursuant to this provision, the court has the discretion to allow the prevailing party (other than the United States) reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205. Accordingly, as the prevailing party by default final judgment, Plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* (ECF Nos. 24 and 25 at 2-3).

### B. **The Lodestar Method of Determining Reasonable Fees**

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

---

[1] The attorney's fees amount is the sum of $1,360 for attorney Bacon and $2,980 for attorney Theresa Edwards. (ECF No. 25 at 16).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida. Plaintiff seeks an award for legal services by attorneys Thomas Bacon and Theresa Edwards. *See* (ECF No. 25 at 16) Attorney Bacon has been practicing law since 1989, with approximately 30 years of experience, and bills at an hourly rate of $425. (ECF Nos. 25 at 3-4 and 25-1 at 1). He is admitted to practice law in several Districts and Courts of Appeals across the country. (ECF No. 25 at 3). Additionally, attorney Bacon has handled hundreds of Title III ADA actions. *Id.* at 4.

Attorney Edwards is the principal of American Justice, P.A. and is co-counsel in this action. (ECF No. 25-1 at 1). Edwards is a graduate of Nova University School of Law and has been practicing civil and criminal litigation for approximately 41 years, since 1978. (ECF No. 25-2 at 1). Attorney

3

Edwards seeks $400 an hour, slightly higher than the $375 that she has been recently awarded in other civil actions, as she asserts that ADA cases are "more risky" because counsel is only paid legal fees upon successful completion of the case. (ECF No. 25-2 at 3-4).

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2]

The Court has considered the relevant *Johnson* factors, and has reviewed counsel's affidavits, the time records and submissions attached to the Motion, and the record in this case. *See* (ECF Nos. 25-1 at 8-9 and 25-2 at 2-3); *see also Kennedy v. PR Tahiti, LLC*, No. 19-CV-62264-AHS (ECF No. 24) (Plaintiff's Notice of Previously Awarded Fees and Costs for the same Plaintiff and attorney Bacon as in this case). Based on this review, and the Court's own judgment and expertise, the Court finds that $425 and $400 are reasonable hourly rates for attorneys Bacon and Edwards, respectively. Accordingly, the undersigned recommends that counsel be compensated at those rates. *See also* (ECF No. 25 at 4-6) (listing cases where attorneys Bacon and Edwards have been awarded the same hourly rates sought in this case).

## 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. As a general rule,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The Court has reviewed counsel's billing records. *See* (ECF Nos. 25-1 at 8-9 and 25-2 at 2-3). The billing records adequately include dates, description of work, and the number of hours spent on each task. *Id.* The records show that attorney Bacon expended 3.2 hours and attorney Edwards expended 7.45 hours. (ECF Nos. 25 at 16, 25-1 at 9, 25-2 at 3). Based on a review of the billing records, the undersigned finds that the hours are reasonable and Plaintiff should be fully compensated for the hours expended by the attorneys on this case.

    **C.**    **Costs**

Under 42 U.S.C. §12205 reasonable costs are recoverable. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). Here, Plaintiff requests reimbursement for $1,275 in costs. (ECF Nos. 25 at 16 and 25-1 at 10). This amount reflects payments made by Plaintiff for filing fees ($400), service of process fees ($275), and expert witness fees ($600). (ECF Nos. 25 at 16, 25-1 at 10, 12-15).

### 1. Clerk Costs

Pursuant to 28 U.S.C. § 1920(1), the Court determines that an award of $400 for filing the original and Complaint is recoverable. (ECF No. 25 at 16).

### 2. Service of Process

28 U.S.C. § 1920(1) also permits the court to award fees for private process fees, so long as they do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). Here, Plaintiff requests $275 for service of process. (ECF No. 25-1 at 10). The Court, however, is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See also Monelus*, 609 F. Supp. 2d at 1333. Consequently, the undersigned recommends awarding Plaintiff a reduced amount of $65 per hours as taxable costs for service of process on Defendant on two occasions.[3] Thus, Plaintiff should be awarded $130 in total for service of process related costs.

### 3. Expert Fees

Expert fees, like attorney's fees, may be awarded in ADA cases, but only if a court determines that they are reasonable. *See, e.g., Harty v. Mal-Motels, Inc.*, No. 6:10-cv-1333-Orl-28GJK, 2012 WL 6541873, at *8 (M.D. Fla. Nov. 26, 2012) (noting that costs are recoverable as litigation expenses in an ADA action). Here, Plaintiff seeks $600 for an expert witness investigation. (ECF Nos. 25 at 16, 25-1 at 12-13). The experts invoice attached to the Motion indicates the specific tasks undertaken by the expert and the exact amount of time it took to investigate and inspect the property. (ECF No. 25-1 at 12-13); *see also Kennedy v. PR Tahiti, LLC*, No. 19-CV-62264-AHS (ECF No. 24) (listing expert fee award in numerous cases).

---

[3] Specifically, Defendant was served on December 13, 2020 with the initial Complaint, and on May 20, 2020, with Plaintiff's Amended Complaint. (ECF Nos. 8 and 18). Therefore, the undersigned recommends awarding costs for two separate instances of service, totaling $130.

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Attorney Fees, Costs, Expert Fees, and Litigation Expenses (ECF No. 25) be **GRANTED IN PART**.  Plaintiff should be awarded a total of $4,340 in fees and $1,130 in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 3, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record